# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2022

Lyle W. Cayce
Clerk

No. 22-10098
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAMIRO LEAL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-230-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Ramiro Leal appeals the guilty plea conviction and 46-month sentence imposed upon him for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Leal argues that Section 922(g)(1) exceeds the scope of Congress's power under the Commerce Clause and is thus

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-10098

unconstitutional. *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) ("*National Federation*"). He specifically asserts that Congress's power under the Commerce Clause authorizes it to regulate only commercial activity and that the mere travel of an object through interstate commerce is not, by itself, a commercial act.

Leal concedes his claim is foreclosed by circuit precedent, and he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief. We have said in other opinions that we consistently uphold the constitutionality of Section 922(g)(1), a statutory provision which we described as "a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013). We explained that *National Federation* did not address the constitutionality of Section 922(g)(1) and did not express an intention to overrule precedent finding Section 922(g)(1) constitutional. *Id.* at 145–46.

The parties are correct that Leal's claim is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary, and the judgment of the district court is AFFIRMED.